UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY G. PHILPOT,

                           Plaintiff,

        v.

MIC NETWORK INC.,

                        Defendant.

Civil Action No. 16-cv-01240-DLC

## DEFENDANT MIC NETWORK INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Mic Network Inc. ("Mic") respectfully submits this memorandum of law in support of its motion to dismiss plaintiff Larry G. Philpot's ("Philpot") complaint dated February 18, 2016 (the "Complaint" or "Cplt.").

## BACKGROUND

Philpot is suing Mic, a media company that owns and operates the website www.mic.com,[1] because a student by the name of Dina Perez posted Philpot's claimed photograph of entertainer Willie Nelson (the "Photograph") to Mic's website in 2013 as part of an article entitled "5 of the World's Most Successful Pot Smokers" (the "Article"). *See* Cplt. ¶¶ 18-19 & Ex. B. According to the Complaint, Philpot took the Photograph at issue in 2013, applied to register it with the Copyright Office in 2012, and now owns a valid copyright in it pursuant to a registration covering "2009 Musician Photos." *See* Cplt, ¶ 14 & Ex. A. Philpot baldly alleges that Mic "copied" the Photograph, "removed the attribution, refused to get a

---

[1] As Philpot recognizes, Mic's website was formerly www.policymic.com, but has been redirected to www.mic.com since 2014. *See* Cplt. ¶ 16.

license, and intentionally attempted to infringe without consequence." *Id.* ¶ 30.  No factual support is provided for any of these allegations, which are belied by Philpot's other allegations and exhibits.  Indeed, Philpot alleges that he discovered the unauthorized copy of the Photograph on Mic's website in December 2015 *see* Cplt., ¶ 20, despite the fact that the screenshot of the alleged infringement that he himself attached to the Complaint was taken on July 9, 2013.  *See id.*, Ex. B.  Philpot further claims that he sent a demand to remove the Photograph on January 8, 2016 (a copy of which, notably, is not attached to the Complaint) and viewed the Article on February 15, 2016 via a URL (namely, at policymic.com) that, per Philpot's own allegations, has not existed since Mic renamed itself "Mic" in 2014.  *See id.*, ¶¶ 16, 19, 21, 22.[2]

The foregoing alone is enough to demonstrate that, as it stands, Philpot's Complaint is too wrought with contradictions to reasonably enable Mic to answer.[3]  As a threshold matter, the foregoing inconsistencies cast doubt as to whether the Photograph is registered with the Copyright Office – a precondition to filing a lawsuit – and whether Philpot is even eligible to receive statutory damages.  *See* 17 U.S.C. § 412.  Even assuming the registration is somehow valid, Philpot's single-count Complaint still does not provide Mic fair notice of what the Philpot's claim is and the grounds upon which it rests.  In fact, it remains unclear whether Philpot is alleging that Mic infringed its copyright by publishing the Photograph on its website, or by failing to comply with its obligations under the Digital Millennium Copyright Act

---

[2] The text-only version of the article is currently available at the following URL: http://mic.com/articles/52835/5-of-the-world-s-most-successful-pot-smokers#.zf1kw9tbT.  This URL mirrors the one in ¶ 19 of the Complaint, except it begins with "http://mic.com," rather than "http://policymic.com." *Cf.* Cplt. ¶¶ 19-20.

[3] Mic's counsel contacted Philpot's counsel more than a month ago to request that Philpot provide some much needed clarity to the Complaint.  Philpot provided a copy of a proposed amended complaint to Defendant's counsel via email, but has not filed it with the Court to date.  Thus, the initial Complaint dated February 18, 2016 remains operative.  In an effort to ascertain the chronology and basis for what Philpot is alleging, Mic has sent Philpot's counsel a Fed. R. Civ. P. 11 letter addressing allegations that appear in both versions.

("DMCA") given that the article purports to have been written by a college student and posted to Mic's website rather than prepared by Mic or a Mic employee itself.

Moreover, Philpot does not even allege whether the "demand" purportedly served on January 8, 2016 complies with the requirements of the DMCA.  No copy of the notice is included and no detail is provided, which is even more troubling given Philpot's recognition that the "policymic.com" website that purportedly hosted the Photograph no longer existed as of 2014.  Regardless of how the claim is styled, the Complaint provides no basis to state a plausible claim against Mic and should therefore be dismissed in its entirety.

## **ARGUMENT**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  While the court is generally required, on a motion to dismiss, to accept a complaint's factual allegations as true, the court "need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice."  *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) (collecting cases); *see also Iqbal*, 556 U.S. at 663-64 (applying the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  Thus, when the facts alleged are "so contradictory that doubt is cast upon their plausibility," the court may

"pierce the veil of the complaint's factual allegations . . . and dismiss the claim." *Aziz Zarif Shabazz v. Pico*. 994 F. Supp. 460, 468-71 (S.D.N.Y. 1998) (Sotomayor, J.).

I.     **PHILPOT'S COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED FOR FAILURE TO PLAUSIBLY ALLEGE OWNERSHIP OF A VALID COPYRIGHT.**

To state a claim for copyright infringement, the plaintiff must allege (1) ownership of a valid copyright, and (2) unauthorized copying of the copyrighted work.  *See Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).  The Copyright Act provides that a work must be registered with the United States Copyright Office before filing a copyright infringement claim.  17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title"); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010) (stating that the Copyright Act "establishes a condition – copyright registration – that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions"); *Robinson v. The Princeton Review Inc.,* 41 U.S.P.Q.2d 1008, 1015 (S.D.N.Y.1996) ("[A]s most of the cases in this Circuit to have considered the issue have held, registration is a prerequisite to commencement of an action for copyright infringement.").

Philpot has failed to plead facts plausibly demonstrating that the Photograph is validly registered with the Copyright Office.  While Philpot attempts to allege facts regarding the creation and registration of the Photograph, such allegations are undermined, if not directly contradicted, by other allegations in his Complaint and information contained in Exhibit A

attached thereto.[4]  In particular, Philpot alleges that the Photograph was taken in 2013 and is the subject of copyright registration VAu 1-132-411 date September 5, 2012.  *See* Cplt., ¶ 14.  In addition to being internally inconsistent (the Photograph could not be registered before it was taken), this statement is contradicted by the registration certificate attached to the Complaint as Exhibit A, which purports to cover photographs taken in 2009, *four years before* the alleged Photograph was purportedly taken under a contract that Philpot claims he entered into in the same year (2013).  *See* Cplt., ¶¶ 13-14 & Ex. A (a copy of the certificate for copyright registration VAu 1-132-411 specifying "2009" as the "Year of Completion").  Adding to the confusion, Philpot's Exhibit A does not contain the complete registration certificate.  *See id.* (including only "Page 1 of 2").

As a result of the foregoing inconsistencies and contradiction, the Court need not accept Philpot's ownership of a valid copyright registration in the Photograph as true.  *See Doe v. Columbia Univ.*, 101 F. Supp. 3d 356, 369 (S.D.N.Y. 2015) ("Where a plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." (internal quotation marks omitted)); *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 407 (S.D.N.Y. 2012) (noting that the court need not accept factual allegations that are contradicted by exhibits to the complaint).  With no facts plausibly alleging the existence of a valid copyright registration, Philpot's copyright infringement claim should be dismissed.  *See, e.g., Ipreo Holdings LLC v. Thomson Reuters Corp.*, No. 09 CV. 8099 BSJ, 2011 WL 855872, at *5 (S.D.N.Y. Mar. 8, 2011) (dismissing copyright infringement claim where plaintiff had no valid copyright registration);

---

[4] The Court may consider the exhibits to Philpot's Complaint, as well as "documents that are quoted in or integral to the Complaint, are in Philpot's possession, or were relied upon in bringing the suit – without converting the motion into one for summary judgment."  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

*Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 234 (S.D.N.Y. 2012) (dismissing claim for lack of valid copyright registration).[5]

## II.   PHILPOT'S FAILURE TO PLAUSIBLY ALLEGE NOTICE UNDERMINES THE SUGGESTION THAT MIC DID NOT COMPLY WITH ITS OBLIGATIONS UNDER THE DMCA.

Because Philpot has not stated an infringement claim, the Court need not reach the issue of whether Mic is entitled to DMCA immunity.  Nonetheless, to the extent Philpot's copyright infringement claim is based on Mic's alleged failure to comply with its DMCA obligations – and the Complaint itself is so vague that it is not quite clear whether it is – Philpot's claim fails because Philpot does not plausibly allege that he served a DMCA "Take Down Notice" on Mic – a prerequisite to holding Mic liable.  *See* 17 U.S.C. § 512(c)(1) (requiring removal of infringing materials "*upon notification* of claimed infringement" (emphasis added)); *see Capitol Records, Inc. v. MP3tunes*, LLC, 611 F. Supp. 2d 342, 346 (S.D.N.Y. 2009) ("The DMCA requires that copyright owners follow the notice provisions provided in 17 U.S.C. § 512(c)(1) – a DMCA 'Take Down Notice' – in order to hold internet service providers liable for copyright infringement.") (citation omitted).

The chronology of events surrounding Philpot's alleged service of a DMCA notice (assuming the "demand" was in fact a DMCA notice, which is not evident from the short Complaint, *see* Cplt. ¶ 21) is so demonstrably inaccurate that it renders the claim that he sent one

---

[5] Philpot's confusing and convoluted Complaint suffers from additional misconstructions of the law.  For example, Philpot alleges (at ¶ 34) that irreparable injury is presumed based on establishing a prima facie claim, which is not the law in this Circuit, *see Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010); (at ¶ 39) that Philpot is entitled to statutory damages per "each infringement" of "each copyright registration," when the law is clear that the award is "per work," *see WB Music Corp. v. RTV Commc'n Grp.*, Inc., 445 F.3d 538, 540 (2d Cir. 2006); and (at ¶ 39) that Philpot may elect to receive both statutory damages and actual damages, when the opposite is true.  *See Silberman v. Innovation Luggage, Inc.*, No. 01 CIV. 7109 (GEL), 2003 WL 1787123, at *10 (S.D.N.Y. Apr. 3, 2003) (noting that 17 U.S.C. § 504(a) provides "that copyright infringers may be liable for actual damages or statutory damages, but not both").

implausible.  Philpot alleges that he "learned of the infringement in December 2015," and sent

Mic a "demand to remove the photograph" soon after – "on or about January 8, 2016."  *See*

Cplt., ¶¶ 20-21.  Tellingly, no copy of the demand is included with the Complaint and no details

are provided.  According to Philpot, the Photograph remained on Mic's website at least until

February 15, 2016.  *See id.*, ¶ 22.

Philpot's own statements show that this timeline of events is implausible:  indeed, the

timeline is impossible.  As Philpot recognizes, Mic removed the Photograph from its website and

the policymic.com URL by Mic's own volition in 2014 as part of the "re-brand[ing]" efforts

identified in Philpot's Complaint.  *See* Cplt., ¶ 16.  Notwithstanding the fact that Philpot has not

pleaded sufficient facts to identify the nature of the January 2016 "demand" (a demand that Mic

has no record of receiving), it is not reasonable to believe that one was in fact served on that date

(or otherwise) considering Mic had removed the Photograph from its website more than a full

year earlier.  Furthermore, the contents of such demand are not described, and there is no further

information identifying whether any such notice begins to satisfy the prerequisites of the DMCA.

Further compounding the implausibility of these allegations, Philpot's own Exhibit B establishes

that Philpot learned of the infringement on or around July 9, 2013 – not "in December 2015" as

he alleges.  *Compare* Cplt., Ex. B. (screenshot of alleged infringement taken on July 9, 2013)

*with id.*, *¶* 20 ("Plaintiff learned of the infringement in December 2015.").  In sum, Philpot's

allegations, taken as true for purposes of this motion, purport to show that Philpot sent a demand

to Mic many months after the Photograph had already disappeared, and that Philpot confirmed

the allegedly continuing existence of the photograph on a URL that Philpot alleges had ceased to

be in use nearly two years prior.  At the same time, the exhibits attached to the Complaint paint a

different picture, although without proper allegations, it is impossible to reconcile what Philpot is

alleging transpired.  This problem merits dismissal.  *See Amidax Trading Group v. S.W.I.F.T. SCRL,* 607 F. Supp. 2d 500, 502 (S.D.N.Y. 2009) ("Where a conclusory allegation in the complaint conflicts with a statement made in a document attached to the complaint, the document controls and the allegation is not accepted as true.").  Given the convoluted nature of the Complaint, it is impossible to determine what purportedly transpired.

## CONCLUSION

For the foregoing reasons, it is implausible to believe that Philpot's recitation of facts can support a claim.  Philpot's Complaint should be dismissed accordingly.

Dated: New York, New York
       April 11, 2016

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP


By:  /s/ Eleanor M. Lackman
     Eleanor M. Lackman
     41 Madison Avenue, 34th Floor
     New York, New York 10010
     Phone: (212) 974-7474
     Fax: (212) 974-8474
     elackman@cdas.com

     *Attorneys for Defendant Mic Network Inc.*