UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY G. PHILPOT,

            Plaintiff,

v.

MIC NETWORK INC.,

            Defendant.

Civil Action No. 16-cv-01240-DLC

### DEFENDANT MIC NETWORK INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Mic Network Inc. ("Mic") respectfully submits this memorandum of law in support of its motion to dismiss plaintiff Larry G. Philpot's ("Philpot") first amended complaint dated May 20, 2016 (the "Amended Complaint" or "Amend. Cplt.").

### BACKGROUND

Philpot is suing Mic, a media company that owns and operates the website www.mic.com,[1] because a college student posted Philpot's claimed photograph of entertainer Willie Nelson (the "Photograph") to Mic's website in 2013 as part of an article entitled "5 of the World's Most Successful Pot Smokers" (the "Article"). *See* Amend. Cplt. ¶¶ 18-19 & Ex. B. The first iteration of Philpot's complaint (the "Complaint" or "Cplt.") for copyright infringement was too wrought with contradictions to enable Mic to answer, necessitating a motion to dismiss the single-count Complaint in its entirety. Philpot was since granted an opportunity to replead his allegations, but, as demonstrated below, his second attempt to state a claim for copyright

---

[1] Mic's website was formerly www.policymic.com, but has been redirected to www.mic.com since 2014, as Philpot recognized in his initial Complaint (at ¶ 16).

infringement fares no better than his first.

To the extent Philpot attempted to remedy the shortcomings raised in Mic's initial motion to dismiss, his efforts have proven fruitless. As before, the Amended Complaint fails to plausibly allege (i) ownership of a valid copyright in the Photograph, or (ii) the provision of notice sufficient to trigger Mic's obligations under the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 512, both of which provide independent grounds for dismissal. Moreover, rather than reconciling the contradictory allegations brought to light in Mic's initial motion, Philpot significantly pared back his allegations in the Amended Complaint instead – making it more difficult than before to determine what purportedly transpired.

The following can be gleaned: Philpot maintains that he "has ownership and copyrights to the [Photograph]" and "has registered the [Photograph] with the United States Copyright Office under registration number VAu 1-132-411." *See* Amend. Cplt., 15-16. Unlike the initial Complaint (at ¶ 14), the Amended Complaint does not allege that Philpot took the Photograph or when it was taken; and, other than the registration number, Philpot alleges nothing about the copyright registration that supposedly covers the Photograph. No registration certificate is attached.[2] Nevertheless, even if this threadbare recital of ownership is deemed sufficient (which it is not), Philpot's infringement claim still must be dismissed because the registration is facially invalid: the registration purportedly covers a collection of *unpublished* works, but the Photograph at issue was clearly *published* more than a year before the effective date of registration, September 5, 2012. Without a valid registration, Philpot is barred from bringing the

---

[2] Philpot's failure to attach the registration certificate as an exhibit to the Amended Complaint is itself a ground for dismissal. *See* 17 U.S.C.A. § 410(c); *see, e.g., Vargas v. Pfizer, Inc.*, 418 F. Supp. 2d 369, 373 (S.D.N.Y. 2005) (dismissing for failure to attach certificate of registration) (citation omitted). However, Mic respectfully refers the Court to the copy of the registration certificate, albeit incomplete, that Philpot attached as Exhibit A to his initial Complaint. *See* Cplt., Ex. A (including "Page 1 of 2" of registration VAu 1-132-411).

instant infringement claim and from recovering all of the monetary relief he prays for. *See* Amend. Cplt. at p. 7 (prayer for relief); 17 U.S.C. § 412.

Assuming further that the registration is somehow valid, the Amended Complaint still cannot withstand a motion to dismiss because Mic is immune from liability for copyright infringement under the DMCA. As shown in Philpot's Exhibit B,[3] the Article was written and posted to Mic's website (then policymic.com) by Dina Perez, a student pursuing a joint concentration at Harvard University, not by Mic or one of its employees. And, though Philpot claims to have served "*multiple* notices" on Mic (Amend. Cplt., ¶ 20 (emphasis added)), he provides no basis to reasonably believe that he served *even one* – much less one that complies with the requirements of the DMCA. Moreover, the fact that Philpot no longer alleges even an approximate date on which he served a notice on Mic (as he did before (*see* Cplt., ¶ 21 ("on or about January 8, 2016"))), coupled with the fact that website that hosted the Photograph (policymic.com) was taken down altogether in 2014 (as Philpot previously recognized (*id.* at ¶ 16)),[4] renders Philpot's latest allegations highly suspect and insufficient to state a claim.

## ARGUMENT

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A

---

[3] Four of the screenshots contained in Philpot's Exhibit B are taken from seriousfacts.com – a website that is not owned by, or otherwise affiliated with, Mic. *See* Amend. Cplt., Ex. B. It is unclear why these screenshots were included; nonetheless, these should not be construed to represent "Screenshots of *Defendant's* use," as Philpot alleges. *See* Amend. Cplt., ¶ 19 (emphasis added).

[4] The text-only version of the article is currently available at the following URL: http://mic.com/articles/52835/5-of-the-world-s-most-successful-pot-smokers#.zf1kw9tbT. This URL mirrors the one shown in Exhibit B to the Amended Complaint, except it begins with "http://mic.com," rather than "http://policymic.com."

3

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying the plausibility standard is a "context-specific task" requiring the Court "to draw on its judicial experience and common sense. *Id.* at 663-64. Thus, while the court is generally required, on a motion to dismiss, to accept a complaint's factual allegations as true, the court "need not feel constrained to accept as truth conflicting pleadings that make no sense . . . or that are contradicted either by statements in the complaint itself[,] [by prior complaints] or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) (collecting cases); *see also Colliton v. Cravath, Swaine & Moore LLP*, No. 08–CV–400, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008) (court need not accept facts as true "[w]here a plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint"), *aff'd*, 356 F. App'x 535 (2d. Cir. 2009).

I.  **PHILPOT'S COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED FOR FAILURE TO PLAUSIBLY ALLEGE OWNERSHIP OF A VALID COPYRIGHT.**

The possession of a valid copyright registration is a prerequisite to bringing a claim for copyright infringement. *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title"); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010) (stating that the Copyright Act "establishes a condition – copyright registration – that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions"); *Robinson v. The Princeton Review Inc.*, 41 U.S.P.Q.2d

1008, 1015 (S.D.N.Y. 1996) ("[A]s most of the cases in this Circuit to have considered the issue have held, registration is a prerequisite to commencement of an action for copyright infringement."). Without a valid registration, the attending infringement claim must be dismissed. *See, e.g., Ipreo Holdings LLC v. Thomson Reuters Corp.*, No. 09 CV. 8099 BSJ, 2011 WL 855872, at *5 (S.D.N.Y. Mar. 8, 2011) (dismissing copyright infringement claim where plaintiff had no valid copyright registration). Furthermore, even a plaintiff with a registration certificate in hand cannot sustain a claim of infringement when such registration was obtained from the Copyright Office without compliance with the regulations governing the registration of copyrights. *See Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 229-230 (S.D.N.Y. 2012); *McLaren v. Chico's Fas, Inc.*, No. 10 Civ. 2481 (JSR), 2010 WL 4615772, **3-4 (S.D.N.Y. Nov. 9, 2010).

Philpot asserts that he "has ownership and copyrights to" the Photograph "under registration number VAu 1-132-411" (*see* Amend. Cplt., ¶¶ 15-16), but Philpot's pleadings and judicially noticeable facts demonstrate otherwise. When the convoluted timeline alleged in Philpot's initial Complaint is cast aside, it becomes clear that the registration is invalid on its face because the Photograph was *published* at the time Philpot filed his copyright application for an *unpublished* collection – a "fundamental registration error" in clear violation of the Copyright Office's stated registration practices. *See Family Dollar Stores,* 896 F. Supp. 2d at 230 ("Wrongly identifying a number of published individual works as an unpublished collection is a fundamental registration error," requiring invalidation of a copyright registration. (quoting *Determined Prods., Inc. v. Koster*, No. C 92-1697 BAC, 1993 WL 120463, at *1 (N.D. Cal. Apr. 13, 1993)) (internal quotations omitted)); *see also* U.S. Copyright Office, *Compendium III: Compendium of Copyright Office Practices* at § 1106; *see also* 37 C.F.R. 202.3(b)(4) (both

published and unpublished works cannot be registered as an unpublished collection).

In this case, the registration certificate purportedly covers a collection of visual works – namely, the "2009 Musician Photos" – that were "unpublished" as of the date of registration. *See* Cplt., Ex. A. The "u" in the assigned registration number (VAu 1-132-411), and the fact that the registration does not include a date or nation of first publication, indicate that the registration is for unpublished works. *See id.; see also Determined Prods.*, 1993 WL 120463, at *1. However, the Photograph at issue was "first published" well before the date of registration on September 5, 2012: Philpot has repeatedly alleged that the Photograph was "first published . . . on May 31, 2011" (*see e.g.,* Complaint at 11, *Philpot v. Celebrity Cafe.Com, LLC*, No. 1:14-CV-01982-TWP (S.D. Ind. 2015) (Dkt. No. 1) (alleging the same "Nelson Photo was first published on the World Wide Web May 31, 2011 to the Wikipedia website"); Complaint at 9, *Philpot v. Oak Ridge Boys Theater*, No. 1:14-CV-01357-TWP-DML (S.D. Ind. 2016) (Dkt. No. 1) (same));[5] and the Photograph is published in articles that pre-date the registration (*see, e.g.,*

---

[5] In each case, the district court, on a motion to dismiss, confirmed that "[b]efore securing the copyright, Mr. Philpot published the photograph on the internet on May 31, 2011." *Philpot v. Celebrity Cafe.Com, LLC*, No. 1:14-CV-01982-TWP, 2015 WL 5032144, at *1 (S.D. Ind. Aug. 25, 2015); *Philpot v. Oak Ridge Boys Theater*, No. 1:14-CV-01357-TWP-DML, 2016 WL 2997570, at *1 (S.D. Ind. May 24, 2016).

Lackman Decl., Ex. 1 (article dated April 1, 2012)).[6]

Similar facts existed in *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223 (S.D.N.Y. 2012). There, the counter-plaintiff had registered its designs as an unpublished collection, but some of those designs – including the design that the counter-defendants allegedly infringed – were published months before the counter-plaintiff filed its copyright application. *Id.* at 230. The Court "invalidate[d] the registration as to the previously published designs," holding that the registration of an *unpublished* collection of works does not constitute a valid copyright registration for any previously *published* works within that collection. *Id.* at 231. The counter-plaintiff's copyright infringement claim was rejected on this basis (*id.* at 234), and courts confronted with similar circumstances on a motion to dismiss have done the same. *See, e.g., McLaren*, 2010 WL 4615772, *2 (prior publication of certain drawings rendered registration invalid); *Determined Prods.*, 1993 WL 120463, at *1 (dismissing infringement claim where the works at issue "were published before their effective date of registration as an unpublished collection"); *Ledesma v. Del Records, Inc.*, No. 2:15-CV-4266-ODW-GJSX, 2015 WL 8023002, at *3 (C.D. Cal. Dec. 4, 2015) (same).

Accordingly, with no facts plausibly alleging the existence of a valid copyright

---

[6] The Court is permitted, on a motion to dismiss, to take judicial notice of these facts – namely, the fact of Philpot's prior allegations, the district court's related findings, and the publication of the April 2012 article. *See TechnoMarine SA v. Jacob Time, Inc.*, No. 12 CIV. 0790 KBF, 2012 WL 2497276, at *1 (S.D.N.Y. June 22, 2012) (court may consider judicially noticed facts on a motion to dismiss "even if the corresponding documents are not attached to or incorporated by reference in the complaint"); *Gertskis v. New York Dep't of Health & Mental Hygiene*, No. 13-CV-2024-JMF, 2014 WL 2933149, at *1 (S.D.N.Y. June 27, 2014) (noting courts may take judicial notice of "pleadings, opinions, and other court filings in related lawsuits"); *Anderson v. Rochester Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n. 4 (2d Cir. 2003) (taking judicial notice of a related district court decision); *TechnoMarine*, 2012 WL 2497276, at *1 ("The Court may take judicial notice of the fact that a publicly accessible website contains certain information.'); *Muller–Paisner v. TIAA*, 289 Fed. App'x. 461, 466 n.5 (2d Cir. 2008) (taking judicial notice of "defendants' website for the fact of its publication").

registration in the Photograph, Philpot's claim that Mic infringed his copyright in the Photograph must be dismissed, and his prayer for statutory damages and attorney's fees pursuant to 17 U.S.C. §§ 504(c) and 505 stricken. *See* 17 U.S.C. § 412 (no award of statutory damages or of attorney's fees shall be made where the work is unregistered).

## II.   PHILPOT'S FAILURE TO PLAUSIBLY ALLEGE NOTICE UNDERMINES THE SUGGESTION THAT MIC DID NOT COMPLY WITH ITS OBLIGATIONS UNDER THE DMCA.

Because Philpot has not stated an infringement claim, the Court need not reach the issue of whether Mic is entitled to immunity under the safe harbor provisions of the DMCA, 17 U.S.C. § 512. Nonetheless, to the extent Philpot's copyright infringement claim is based on Mic's alleged failure to comply with its DMCA obligations – and the Amended Complaint itself is so vague that it is not quite clear whether it is – Philpot's claim fails because Philpot does not plausibly allege that he served a DMCA "Take Down Notice" on Mic – a prerequisite to holding Mic liable. *See* 17 U.S.C. § 512(c)(1) (requiring removal of infringing materials "*upon notification* of claimed infringement" (emphasis added)); *see Capitol Records, Inc. v. MP3tunes, LLC*, 611 F. Supp. 2d 342, 346 (S.D.N.Y. 2009) ("The DMCA requires that copyright owners follow the notice provisions provided in 17 U.S.C. § 512(c)(1) – a DMCA 'Take Down Notice' – in order to hold internet service providers liable for copyright infringement.") (citation omitted).[7]

Philpot's assertion that he "has provided *multiple* notices to [Mic] . . . to cease use of the [Photograph]" is implausible and need not be taken as true given that it directly contradicts Philpot's initial Complaint. *Compare* Amend. Cplt. ¶ 20 (emphasis added) *with* Cplt. ¶ 21 ("*A demand* to remove the photograph was served on Defendant . . ." (emphasis added)). *See*

---

[7] The policymic.com website qualifies for the DMCA safe harbor from liability because its content was posted by third-party users, not Mic itself, as Philpot's Exhibit B shows. *See* 17 U.S.C. § 512(c) (providing safe harbor protection to service providers storing content at the direction of users).

8

*Colliton*, 2008 WL 4386764, at *6 (allegations in amended pleadings may be disregarded when they directly contradict facts alleged in prior pleadings). In any event, there is no reason to believe that even one notice was served on Mic, let alone multiple notices. Despite Mic's request, Philpot has not provided copies of any such notices nor described their contents, and he makes no effort to allege that these notices begin to satisfy the prerequisites of the DMCA. In fact, the Amended Complaint contains even less detail than before: Tellingly, Philpot retracts his previous statements that the demand was served "on or about January 8, 2016" and that he viewed the Photograph on Mic's website on "February 15, 2016" (Cplt. ¶¶ 21-22); he replaces these clear but fatal allegations with nothing but a vague allegation that the Photograph was on Mic's website up "to the present" (Amend. Cplt. ¶ 19).

Nonetheless, Philpot's own statements continue to show that his allegations of notice-and-(failure-to)-takedown are impossible. As Philpot has recognized (Cplt. ¶ 16), Mic removed the Photograph from its website and the policymic.com URL by Mic's own volition in 2014 as part of the "re-brand[ing]" efforts identified in Philpot's Complaint. It is simply not reasonable to believe that Philpot served a notice in January 2016 (as initially alleged) or otherwise considering Mic has removed the Photograph from its website more than a full year earlier.

In sum, Philpot's allegations, taken as true for purposes of this motion, purport to show that Philpot sent a demand to Mic many months after the Photograph had already disappeared. Given the convoluted nature of the original Complaint and the vague nature of the Amended Complaint, it is impossible to determine what purportedly transpired, but it is clear that Philpot has not sufficiently put forth the factual material to support a showing that he complied with the obligations of the DMCA.

9

## CONCLUSION

For the foregoing reasons, Philpot's absence of a proper registration makes it impossible to maintain an infringement claim, and it is implausible to believe that Philpot's recitation of facts can support a claim of infringement of a platform like Mic Network. Philpot's Amended Complaint should be dismissed accordingly.

Dated: New York, New York  
       June 3, 2016

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By: /s/ Eleanor M. Lackman  
Eleanor M. Lackman  
41 Madison Avenue, 34th Floor  
New York, New York 10010  
Phone: (212) 974-7474  
Fax: (212) 974-8474  
elackman@cdas.com

*Attorneys for Defendant Mic Network Inc.*